IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARRELL WAYNE BROWN,

    Plaintiff,

v.                                  Civil Action No. 3:17CV71

COMMONWEALTH OF VIRGINIA,

    Defendant.

**MEMORANDUM OPINION**

Darrell Wayne Brown, a federal inmate proceeding pro se, filed this Bivens action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915A. For the reasons set for below, the Court will dismiss the action as legally frivolous.

**I. STANDARD OF REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b)(1). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S.

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

While the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. BROWN'S COMPLAINT

On January 25, 2017, Brown submitted this civil action. ("Complaint," ECF No. 1.)[2] Brown's Complaint consists of several sections. (See id. at 2.)

In the first section of Brown's Complaint, he provides a "Special Notice to the Court," wherein he notifies the Court of his "absolute ministerial right" to make a "restricted appearance" pursuant to "Rule 8(E)." (Id. at 3.) Brown then identifies himself as

> a real flesh and blood man, a Commonwealth citizen and inhabitant of the County of Norfolk, Virginia, by special visitation in propria personam, not general to present this, his notice and demand for written proof (verified and demonstrated evidence) of jurisdiction

---

[2] The Court employs the pagination assigned to Brown's submission by the CM/ECF docketing system. The Court omits the emphasis and corrects the capitalization in the quotations from Brown's Complaint.

2

over his proper person and over the subject matter in the above entitled cause as known as 2:13CR00146-001.[3]

(Id.) Brown further asserts that it is "outside the jurisdiction of any court" to determine whether a complaint is subject to dismissal pursuant to Rule 12(b)(6) for failure to state a claim, (id.), and that "officers of the court have no immunity." (Id. at 4.) Brown concludes that once this Court determines that jurisdiction is "lacking in the cause in question," he should be "assigned the minimum monetary values as pre precedent . . . [of] $25,000.00 per 23 minute period, i.e. $65,217.91 per hour, plus punitive damages . . . ." (Id.)

Also attached to his Complaint is a document styled as an "International Commercial Affidavit Presented As/Under Letter Rogatory." (Id. at 5.) According to Brown, that document is filed "as 'lawful public notice'" under provisions of the Uniform Commercial Code, and that "[t]he Secured Party Darrell Wayne Brown, signatory herein is executing this instrument, under signature, expressly to declare his status as a non-resident alien . . . 'with no duress,' in accord to the terms of the aforementioned private agreement," nunc pro tunc to his eighteenth birthday. (Id.)

---

[3] In Case No. 2:13-CR-146, Brown was convicted of felony conspiracy in the Norfolk Division of this Court and was sentenced on March 25, 2014 to 240 months of imprisonment. Judgment at 1-2, United States v. Brown, No. 2:13-CR-146 (Mar. 25, 2014), ECF No. 38. The prosecutor in his case was Assistant United States Attorney ("AUSA") Kevin Comstock whom Brown references throughout his Complaint.

Brown next identifies a section titled, "Identification of Moving Party" wherein he describes himself as a "natural born, free, living, breathing flesh and blood human with sentient and moral existence, a real man/woman upon the soil, a juris et du jure, also known as a Secured Party and an inhabitant, not a United States citizen." (Id. at 6.) Therefore, says Brown, he "is not a subject of, or to, the Virginia [] Constitution or the United States Constitution, its ordinances, statutes, codes or regulations . . . ." (Id.)

In a section titled, "State [sic] of Issues," Brown states he "tendered payment and a private administrative remedy to the named Respondent pursuant to the Administrative Procedures Act . . . requesting that Case No: 2:13CR00146-001 be set off, settled and closed, and the Respondent obtained a court order for his release from custody . . . ." (Id.) Brown states he filed an Initial Financing Statement in the "commercial registry" at the Office of the New York Secretary of State and that Respondent defaulted "by his choice," so Brown concludes that "there is no longer a controversy before the court." (Id. at 6-7.)

Brown also includes in his papers a "Notice of Void Judgment" wherein he argues that the courts to which members of the public currently have access:

> have no jurisdiction over living men. When the judge and the prosecutor use deceit and trickery to cause the living man to believe he is actually the defendant, those public

4

>officials have breached their fiduciary duties, and breached their contract (oath of office) with the public, and are subject to legal actions.

(Id. at 8.) Then, in a section titled, "Jurisdiction," Brown asserts that the burden of proving jurisdiction lies with the "asserter"—in this case, the named Defendant—but although he "has had time and two (2) different chances to respond," he "has gone silent." (Id.)

In the next section captioned, "Rescind of Signatures," Brown "revokes, rescinds and cancels any and all signatures, and cancels any and all silent or assumed powers of attorney of any parties, known or unknown contracts conferring trusteeship causing the Beneficiary to be placed as a trustee to the trust." (Id. at 9.)

Next, Brown provides for the "Appointment of Trustee" and a "Notice of Fiduciary Trusteeship Duty." (Id. at 10.) Brown declares himself the "Grantor and Sole Beneficiary of the Darrell Wayne Brown, Cestui Que Vie Trust, a documented vessel under United States registry . . . ." (Id.) Next, in a "Caveat," Brown observes that the Defendant "has had every opportunity to respond to the proof of claim instrument(s) that were addressed and sent to him/her by Certified Mail" and declares that "[f]or the Court record," the Defendant "must comply with the proof of claim answering each question that has been presented by affidavit form and sent back to the Court." (Id. at 12.) Brown then provides "Judicial Notice," and indicates that he "appoints" AUSA Kevin M.

Comstock and his successors "as co-trustees for any judicial or administrative matter in which the Darrell Wayne Brown Cestui Que Vie Trust may be involved, past, present, and future, and specifically for Case No. 2:13CR00146-001," and that he "specifically appoint[s] the Co-Trustee(s) to settle and close the matter," "zeroing the account," while "exercis[ing] scrupulous good faith and candor towards, and for the benefit and on behalf of Darrell Wayne Brown." (Id.)

Finally, in the last section titled, "Relief Sought & Conclusion," Brown states that AUSA Kevin Comstock and the Defendant "knowingly and willingly allow[ed] the Commonwealth of Virginia to proceed against the Secured Party, committing a malfeasance of justice, through negligence and/or inadvertence . . . ." (Id. at 13.) He states that "[t]his Secured Party is the Holder-in-Due-Course and has established an un-rebuttable Superior Claim over that of the Commonwealth of Virginia concerning the Debtor." (Id.) Therefore, he argues, the judgment in Case No. 2:13CR00146-001 must be "vacated for want/lack of subject matter jurisdiction and dismiss [sic] with prejudice" (id.); he should be discharged from the custody of the Commonwealth of Virginia; a hearing should be convened to appoint Kevin Comstock as "trustee(s) of Darrell Wayne Brown," and "the Secured Party Darrell Wayne Brown [should] be released/discharged from any and all obligations owed to the Commonwealth of

6

Virginia." (Id.) Brown has also appended a number of exhibits to the Complaint, including a Uniform Commercial Code Financing Statement, and numerous other financial documents. (ECF No. 1-1 through ECF No. 1-10.)

### III. ANALYSIS

The Complaint in this case is utterly frivolous and delusional. It, indeed, is the epitome of frivolity and delusion. However, it is unnecessary and inappropriate to engage in Brown's fanciful theories for relief, see Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing Neitzke v. Williams, 490 U.S. 319, 324 (1989))), because, to the extent that Brown's allegations are comprehensible at all, it is readily apparent that they are based on "inarguable legal conclusion[s]" and "fanciful factual allegation[s]." Neitzke, 490 U.S. at 325. Accordingly, Brown's Complaint will be dismissed as legally frivolous. See Champean v. Rich, No. 1:16CV1254 (AJT/MSN), 2016 WL 6663909, at *3 (E.D. Va. Nov. 10, 2016) (dismissing as frivolous similar allegations), appeal dismissed, 682 F. App'x 188 (4th Cir. 2017), cert. denied, No. 17-177, 2017 WL 3325030 (U.S. Oct. 10, 2017). Brown's Complaint is legally frivolous. The action will be dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to Brown.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 14, 2017